### McCOLL v. CHAPEL.

1. Wills—Construction—Whole Will Considered—Intent.
   In construing will, whole will is considered in endeavor to find intention of testator.

2. Same—Estate Devised.
   Will devising homestead to widow for her life, and "also" certain lots, *held*, to devise title in fee to said lots; "also" having same significance as "moreover."

Error to Sanilac; Boomhower (Xenophon A.), J. Submitted January 10, 1930. (Docket No. 68, Calendar No. 34,546.) Decided April 7, 1930.

Ejectment by Rose McColl and another against Bessie Chapel. From a judgment for defendant, plaintiffs bring error. Affirmed.

*Lincoln Avery* and *Alex B. Simonson,* for plaintiffs.

*Lindley, Brown & MacDonald,* for defendant.

On law governing construction of wills, generally, see annotation in 2 L. R. A. (N. S.) 443; 29 L. R. A. (N. S.) 1039.

WIEST, C. J.   This is an action in ejectment, and the issue is whether the will of John Blower vested in his widow, Charlotte Blower, title in fee or only a life estate in lots 12 and 13 of Wesley's & Roberts' recorded plat of Cherry Creek resort, Sanilac county. This issue involves construction of the following provisions in the will:

"First:   I hereby give, devise and bequeath to my beloved wife, Charlotte Blower, the right to use and occupy our family homestead in the village of Deckerville, Sanilac county, Michigan, for and during the term of her natural life which said homestead is described as follows:   Situated in said village of Deckerville commencing at a point 12 rods north from the southeast corner stake of section 30, town 13 north, range 15 east, thence west 13 and one-third rods, thence north three rods, thence east 13 and one-third rods, thence south three rods to place of beginning except highway; also lot 17 of block five of Clark's addition to said village of Deckerville;   *   *   *   also lot two of block one according to Charles Decker's plat of said village of Deckerville being the old family home; also lots number 12 and 13 of Wesley and Roberts recorded plat of Cherry Creek Resort; also all land lying west of Lakeland avenue, between the north extension line of lot 15 and the north extension line of lot 12 and running west to the bed of Cherry Creek   *   *   *   : also 20 shares of stock in the Farmers State Bank of Deckerville, Michigan, and ten shares of stock in the National Bank of Commerce, Detroit, Michigan."

If the will devised the fee to lots 12 and 13 to the wife, then defendant, claiming title through the wife, is entitled to possession and plaintiffs cannot maintain this action in ejectment. If a life estate only was given the widow, then, she being deceased, plaintiffs, as remaindermen, have right to posses-

sion and judgment. Defendant had judgment in the circuit, and plaintiffs review by writ of error.

Employment of the cardinal rule of considering the whole will, in an endeavor to find the intention of the testator, leads to the conclusion that the word "also," prefixed to the provision mentioning lots 12 and 13, imports item, and is of the same significance as "moreover" and, therefore, the intention of testator was to devise title in fee to lots 12 and 13.

The judgment in the circuit is affirmed, with costs to defendants.

Butzel, Clark, McDonald, Potter, Sharpe. North, and Fead, JJ., concurred.